1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JASON MILLER,                                )
                                             )
                    Plaintiff(s),            )        Case No. 2:12-cv-02198-JCM-NJK
                                             )
vs.                                          )        ORDER DENYING PROPOSED
                                             )        DISCOVERY PLAN
PAVESTONE, LLC,                              )        (Docket No. 19)
                                             )
                    Defendant(s).            )
_____)

16        Pending before the Court is proposed joint discovery plan, Docket No. 19, which is hereby

17   **DENIED**.   The parties have requested time beyond the presumptively reasonable 180-day discovery

18   period based on the pendency of a motion to dismiss.  *See* Docket No. 19 at 2; *see also* Docket No. 8

19   (motion to dismiss).  The parties further state that they do not intend to conduct discovery while that

20   motion is pending.  *See* Docket No. 19 at 2*.*  "The Federal Rules of Civil Procedure do not provide for

21   automatic or blanket stays of discovery when a potentially dispositive motion is pending."  *See, e.g.*,

22   *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013).  Indeed,

23   the Local Rules are written to make clear that the presumptively reasonable 180-day discovery period

24   begins when the first defendant "answers *or appears*."  Local Rule 26-1(e)(1) (emphasis added).  The

25   pending motion to dismiss is not reason in itself to provide an extended discovery period.

26        Moreover, the proposed discovery plan misstates Local Rule 26-4, which provides that "[a]ll

27   motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court

28   no later than twenty-one (21) days before the expiration of the subject deadline."  Thus, for example, a

1   request to extend the expert disclosure deadline must be filed at least 21 days before that deadline is set

2   to expire.  The filed proposed discovery plan provides that all requests for extensions may be filed up

3   to 21 days before the discovery cut-off, which is inconsistent with the Local Rules.

4          Lastly, the Court notes that the discovery plan was not timely filed.  Defendant filed a motion to

5   dismiss on March 25, 2013.  Docket No. 8.  The Rule 26(f) conference was required to be held within

6   30 days thereafter, or April 25, 2013.  *See* Local Rule 26-1(d) ("Counsel for plaintiff shall initiate the

7   scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers

8   or otherwise appears" (emphasis added)).  The stipulated discovery plan was due 14 days thereafter, or

9   May 9, 2013.  *See* Local Rule 26-1(d) ("Fourteen (14) days after the mandatory Fed. R. Civ. P. 26(f)

10  conference, the parties shall submit a stipulated discovery plan and scheduling order").[1]   In this case,

11  the Rule 26(f) conference was not held until May 9, 2013 and the proposed discovery plan was not filed

12  until May 14, 2013.  The Court expects strict compliance with the Local Rules.

13         Accordingly, no later than May 21, 2013, the parties shall file an amended discovery plan

14  providing deadlines based on a discovery period of 180-days calculated from March 25, 2013.  Should

15  the parties so desire, they may also file a separate request to stay discovery pending the outcome of the

16  motion to dismiss.[2]  The amended discovery plan shall also contain extension language consistent with

17  Local Rule 26-4.

18         IT IS SO ORDERED.

19         DATED:  May 14, 2013

20

21  _____

22  NANCY J. KOPPE
    United States Magistrate Judge

23

24

25

26  [1]  This is made clear not only by the Local Rules, but by the docket entry for the motion to dismiss itself, which provides "Discovery Plan/Scheduling Order due by 5/9/2013."  Docket No. 8.

27  [2]  In the event a request to stay discovery is filed, the parties are directed to the standards

28  provided in *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601-02 (D. Nev. 2011)